UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DOUGLAS L. BAILER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| JACKSON COUNTY BOARD OF ) | |
| EDUCATION; KEVIN DUKES, in ) | |
| his official capacity as ) | |
| Superintendent of the Jackson ) | |
| County Schools; BART REEVES, ) | |
| individually; TINA HANCOCK, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1.  This complaint is brought pursuant to the provisions of 42 U.S.C. § 1983; and, the First, Fifth, and Fourteenth Amendments to the United States Constitution; Jurisdiction is vested in this court pursuant to 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 626, and 42 U.S.C. § 2000e-5(f)(3).

2.  Venue is proper in this district, as the unlawful actions described herein were committed within Jackson County, Alabama, and as, upon information and belief, all of the parties, except Bart Reeves, reside in Jackson County, Alabama, in the Northeastern Division of the Northern District of Alabama.  Upon information and belief, Reeves resides in Marshall County, Alabama.

### FACTUAL BACKGROUND

3.  This cause arises out of actions taken by the defendants with regard to the termination of employment of Dr. Douglas L. Bailer

1

(hereinafter "Dr. Bailer" or "Plaintiff"). Dr. Bailer is a male, who is over the age of 40.

4. Dr. Bailer commenced employment with the Jackson County Board of Education (hereinafter "the Board") during or about August 1990. Dr. Bailer began his employment with the Jackson County Schools as a classroom teacher, a job that he performed commendably for 19 years. Thereafter, the Jackson County Board of Education employed Dr. Bailer in the central office of the school system. At all times relevant to the Complaint, the Board employed Dr. Bailer as a District Supervisor. As a District Supervisor, he continued to perform his job in an exemplary manner.

5. Defendant Kevin Dukes (hereafter "Dukes") is sued only in his official capacity as Superintendent of the Jackson County Schools. He is the Chief Executive Officer of the Jackson County Schools and has the authority to order the relief requested by the plaintiff.

6. The Jackson County Schools are supervised, maintained and administered by the Jackson County Board of Education.

7. Defendant Bart Reeves is the former Superintendent of the Jackson County Schools and is sued in his individual capacity.

8. Defendant Tina Hancock is a former employee of the Jackson County Board of Education and is sued in her individual capacity.

9. The Superintendent of the Jackson County Schools and the members of the Board are elected officials.

10. Prior to Defendant Reeves' tenure as Superintendent, Ken Harding was the elected Superintendent of the Jackson County Schools. Dr. Bailer was an open supporter of Superintendent Harding.

11. Superintendent Harding retired on or about July 1, 2015. The process of finding a replacement for the Superintendent position was politically charged. Defendant Reeves was a candidate for the position and, ultimately, was the Board's selection for Superintendent. Supporters of Harding were generally not perceived to be supporters of Defendant Reeves.

12. After being appointed by the Jackson County Board of Education by a 3-2 vote and beginning on or about September 21, 2015, Defendant Bart Reeves took over as Superintendent of the Jackson County Schools.

13. During Superintendent Reeves' first meeting with the principals of the Jackson County Schools, he noted that there were "Harding people and others" in the room.

14. Upon information and belief, Reeves identified a number of "Harding people" that he wished to terminate and/or marginalize.

15. Almost immediately after the Board appointed Reeves Superintendent, the 2016 race for Superintendent of the Jackson County Schools began. In or about October of 2015, Reeves announced that he was running for the position of Superintendent of the Jackson County Schools.

16. The race for Superintendent of the Jackson County Schools was a contested race in 2016. It was also a politically contentious race. Reeves' opponent in the Republican primary was Kevin Dukes, who had been a supporter of Superintendent Harding.

17. In early December of 2015 and during the primary election, Dr. Bailer had a yard sign placed in his yard indicating his support of Superintendent Reeves' opponent. In addition, Dr. Bailer's wife and in-laws were all educators or retired Board employees and open supporters of Dukes during the primary election.

18. On December 9, 2015, Reeves summoned Dr. Bailer to his office, where the Board's attorney was also present. During that meeting, Reeves stated that he had received "compelling evidence" from an unnamed co-employee that Dr. Bailer had sexually harassed the co-employee. Reeves immediately placed Dr. Bailer on administrative leave. Neither Reeves, nor the Board's attorney would provide the identity of the co-employee or any details concerning the allegations of the co-employee. Reeves stated that Dr. Bailer could avoid criminal charges and investigation by providing his resignation, effective at the end of the school year. Reeves required that the resignation be given by the next day to avoid further action and, despite plaintiff's planned out-of-state trip the next day (of which Reeves was aware

before the meeting), Reeves would not give Dr. Bailer any additional time to resign.

19. After consulting with a member of the Board, Dr. Bailer determined that, should Reeves recommend Dr. Bailer's termination, he had influence over enough of the votes of the Board to secure Dr. Bailer's termination.

20. Upon information and belief, Reeves intended to recommend Dr. Bailer's termination regardless of the results of any Board investigation.

21. To avoid criminal charges and the smearing of his good name, Dr. Bailer resigned from his position with the Jackson County Schools, effective February 1, 2016.

22. A female employee and a younger male employee of the Board replaced Dr. Bailer's position in the school system.

23. On January 7, 2016, the Board's Chief School Financial Officer at the time, Defendant Tina Hancock, sued Dr. Bailer in Jackson County Circuit Court and made claims based on purported sexual harassment. Dr. Bailer has denied the claims of Hancock.

24. Upon information and belief, Hancock is a close friend of Reeves' wife and was also involved in virtually every significant decision affecting the Jackson County Schools during all times relevant to this Complaint.

25. Ultimately, Dukes won the Republican primary election and was unopposed in the 2016 general election for Superintendent of the Jackson County Schools. Dukes became the Superintendent of the Jackson County Schools on or about December 14, 2016.

26. As a result of the violations of Dr. Bailer's rights, Dr. Bailer has suffered mental distress and emotional anguish.

4

## **COUNT ONE**

### RETALIATION FOR ENGAGING IN SPEECH PROTECTED BY THE UNITED STATES CONSTITUTION

27. Dr. Bailer engaged in speech by opposing the election of Defendant Reeves and supporting Reeves' political rival, Superintendent Dukes.

28. Dr. Bailer's speech constituted speech on a matter of public concern, which is protected by the First Amendment.

29. Political allegiance is not an appropriate requirement for the performance of the position of District Supervisor at the Jackson County Schools.

30. Dr. Bailer's free speech interest outweighed any interest of Superintendent Reeves or the Board in the effective and efficient fulfillment of their responsibilities.

31. Superintendent Reeves demanded Dr. Bailer's resignation and accompanied the demand with threats of criminal charges and an investigation.

32. The threats against Dr. Bailer independently constituted an adverse employment action against Dr. Bailer.

33. Superintendent Reeves coerced Dr. Bailer's resignation from his position of District Supervisor and thereby constructively discharged him.

34. The constructive discharge independently constituted an adverse employment action against Dr. Bailer.

35. Dr. Bailer's speech played a substantial part in the decision to make threats against him and to coerce his resignation.

36. At the time of termination of Dr. Bailer's employment, it was clearly established that a public employee could not be terminated from employment for engaging in protected speech.

37. Reeves, in his individual and official capacities, violated Dr. Bailer's free speech rights by threatening Dr. Bailer and by coercing the resignation of his employment because of his protected speech.

38. The Board violated Dr. Bailer's free speech rights, by and through the actions of its agents and employees, by threatening Dr. Bailer and by coercing the resignation of his employment because of his protected speech.

39. The Defendants' actions were wholly arbitrary, capricious, and unrelated to any legitimate state objective, and were motivated by bad faith, were unsupported by any rational basis, and violated clearly established law.

40. The acts perpetrated upon Dr. Bailer by the Defendants were accomplished under color of state law, statute, ordinance, regulations, policy, custom or usage in violation of the United States Constitution as applied to the States by 42 U.S.C. § 1983.

WHEREFORE, Dr. Bailer prays the Court will provide the following relief:

A. To enter an Order directing the defendants to place Dr. Bailer in the position of District Supervisor, and enjoin the defendants from their continued denial of his constitutional rights;

B. To award back pay, front pay, and all other benefits to which Dr. Bailer is entitled, along with pre-judgment and post-judgment interest where applicable;

C. To award Dr. Bailer such other compensatory and punitive damages to which he may be entitled according to the proof;

D. To award Dr. Bailer a reasonable attorneys' fee and expenses incurred on his behalf in this matter; and,

E. To award Dr. Bailer such other and further relief to which he may be deemed entitled, plus costs of this action.

## COUNT TWO

## DISCRIMINATION ON THE BASIS ON THE BASIS OF AGE IN VIOLATION OF THE ADEA

41. Dr. Bailer was over 40 years of age when Defendants coerced his resignation.

42. Defendant, by and through its agents and employees, coerced Dr. Bailer's resignation from his position as District Supervisor through threats of criminal charges and an investigation. Defendant gave Dr. Bailer no alternative to resignation. Despite Dr. Bailer informing Reeves and the Board's attorney that he was travelling out of state the very next day (after being threatened), he was told that he was given only until the next day to make a decision concerning his resignation or suffer the aforementioned threatened behavior. Defendant demanded that his resignation be effective at the end of the school year and gave him no other choices in that regard.

43. Despite his coerced resignation, the Jackson County Schools had continual need for the services that were provided by Dr. Bailer. At least a portion of Dr. Bailer's job was taken over by a substantially younger male employee with equal or inferior qualifications after the effective date of his coerced resignation.

44. Through the coerced resignation, Defendant constructively discharged Dr. Bailer and his age was a determinative factor in the Defendant's decision to constructively terminate Dr. Bailer.

45. Dr. Bailer filed a timely EEOC charge on or about June 27, 2016 concerning the above discrimination on the basis of age. The EEOC issued a Dismissal and Notice of Rights to Dr. Bailer on February 10, 2017.

46. The actions of Defendant, the Board, were willful and in violation of the Age Discrimination in Employment Act of 1967, as amended.

WHEREFORE, Dr. Bailer prays the Court will provide the following relief:

A. To enter an Order directing the defendants to place Dr. Bailer in the position of District Supervisor, and enjoin the defendants from further discrimination against him on the basis of his age;

B. To award back pay, front pay, and all other benefits to which Dr. Bailer is entitled, along with pre-judgment and post-judgment interest where applicable;

C. To award Dr. Bailer such other compensatory, punitive, and liquidated damages to which he may be entitled according to the proof;

D. To award Dr. Bailer a reasonable attorneys' fee and expenses incurred on his behalf in this matter; and,

E. To award Dr. Bailer such other and further relief to which he may be deemed entitled, plus costs of this action.

## COUNT THREE

### DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

47. Dr. Bailer was a male employee of the Jackson County Board of Education and employed as a District Supervisor.

48. During the course of his employment with the Jackson County Board of Education, the Defendant, the Board, by and through its agents and employees, discriminated against Dr. Bailer in the terms, conditions, and privileges of employment, in substantial part because of his sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

49. Defendant coerced Dr. Bailer's resignation from his position as District Supervisor through threats of criminal charges and an investigation.

50. Defendant gave Dr. Bailer no alternative to resignation and thereby constructively discharged him.

51. Despite Dr. Bailer informing Defendant that he was travelling out of state the very next day (after being threatened), he was told that he was given only until the next day to make a decision concerning his

resignation or suffer the aforementioned threatened behavior. Defendant demanded that his resignation be effective at the end of the school year and gave him no other choices in that regard.

52. Despite his coerced resignation, the Jackson County Schools had continual need for the services that were provided by Dr. Bailer. At least a portion of Dr. Bailer's job was taken over by a female employee with equal or inferior qualifications after the effective date of his coerced resignation.

53. Through the coerced resignation, Defendant constructively discharged Dr. Bailer and his sex was a determinative factor in the Defendant's decision to constructively terminate Dr. Bailer.

54. The Defendant's actions were done with malice or reckless indifference towards Dr. Bailer.

55. Dr. Bailer filed a timely EEOC charge on or about June 27, 2016 concerning the above discrimination on the basis of sex. The EEOC issued a Dismissal and Notice of Rights to Dr. Bailer on February 10, 2017.

WHEREFORE, Dr. Bailer prays the Court will provide the following relief:

A. To enter an Order directing the defendants to place Dr. Bailer in the position of District Supervisor, and enjoin the defendants from their continued denial of his constitutional rights;

B. To award back pay, front pay, and all other benefits to which Dr. Bailer is entitled, along with pre-judgment and post-judgment interest where applicable;

C. To award Dr. Bailer such other compensatory and punitive damages to which he may be entitled according to the proof;

D. To award Dr. Bailer a reasonable attorneys' fee and expenses incurred on his behalf in this matter; and,

E. To award Dr. Bailer such other and further relief to which he may be deemed entitled, plus costs of this action.

# COUNT FOUR

## § 1983 CONSPIRACY TO DEPRIVE DR. BAILER OF CONSTITUTIONAL RIGHTS

56. Defendants Hancock and Reeves conspired to deprive Dr. Bailer of his constitutional rights.

57. Upon information and belief, Defendant Hancock is a close friend of Defendant Reeves' wife.

58. Upon information and belief, Defendants Hancock and Reeves reached an understanding or agreement to deny Dr. Bailer his constitutional rights, including his free speech rights pursuant to the First Amendment.

59. Thereafter, Defendant Hancock submitted false claims that Dr. Bailer had sexually harassed her.

60. Reeves then had the aforementioned meeting with Dr. Bailer, where he placed Dr. Bailer on administrative leave, threatened Dr. Bailer, and coerced Dr. Bailer's resignation.

61. Dr. Bailer was denied his constitutional rights, including his free speech rights pursuant to the First Amendment.

62. Dr. Bailer has suffered damages as a result of the actions of the defendants.

WHEREFORE, Dr. Bailer prays the Court will provide the following relief:

A. To enter an Order directing the defendants to place Dr. Bailer in the position of District Supervisor, and enjoin the defendants from their continued denial of his constitutional rights;

B. To award back pay, front pay, and all other benefits to which Dr. Bailer is entitled, along with pre-judgment and post-judgment interest where applicable;

C. To award Dr. Bailer such other compensatory and punitive damages to which he may be entitled according to the proof;

D. To award Dr. Bailer a reasonable attorneys' fee and expenses incurred on his behalf in this matter; and,

E. To award Dr. Bailer such other and further relief to which he may be deemed entitled, plus costs of this action.

Respectfully submitted this 11th day of May, 2017.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

The above allegations are true and correct to the best of my knowledge.

Wilmer & Lee, P.A.

By: _____
Robert C. Lockwood

By: _____
Andrew D. Dill

Attorneys for Plaintiff Douglas Bailer
100 Washington Street, Suite 200
Huntsville, Alabama 35804-2168
(256) 533-0202
rlockwood@wilmerlee.com
adill@wilmerlee.com

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**
Jackson County Board of Education
16003 Alabama Highway 35
Scottsboro, AL 35768

Kevin Dukes, Superintendent
Jackson County Schools
16003 Alabama Highway 35
Scottsboro, AL 35768

**DEFENDANTS TO BE SERVED BY PRIVATE PROCESS SERVER:**

Tina Hancock
3205 Scenic Drive
Scottsboro, AL 35769

Bart Reeves
5024 Spring Creek Drive
Guntersville, AL 35976-2816